UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
S&R DEVELOPMENT ESTATES LLC,

                        Plaintiff,

       -against-

TOWN OF GREENBURGH, *et al.*,

                        Defendants.
-------------------------------------------------------------------x

No. 16-CV-8043 (CS)

**OPINION AND ORDER**

Appearances:

Michael H. Park
Consovoy McCarthy Park PLLC
New York, New York
*Counsel for Plaintiff*

James M. Woolsey III
Landman Corsi Ballaine & Ford P.C.
New York, New York
*Counsel for Town Defendants*

Seibel, J.

      Before the Court is the Town Defendants'[1] motion requesting leave to file an untimely motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Doc. 48). For the reasons stated below, the motion is DENIED.

**I.    Background**

      Plaintiff S&R Development Estates LLC is a property developer and owner of a vacant parcel of land located in the Town of Greenburgh, New York (the "Town"). (Doc. 1 ¶¶ 1, 2, 48.) On October 14, 2016, Plaintiff filed the instant suit against several parties including the Town

---

[1] "Town Defendants" refers to the Town Board of the Town of Greenburgh, the Comprehensive Plan Steering Committee ("CPSC") of the Town of Greenburgh, the Department of Community Development and Conservation of the Town of Greenburgh, the Planning Board of the Town of Greenburgh, the Zoning Board of Appeals of the Town of Greenburgh, Town Supervisor Paul J. Feiner, and CPSC Chair Francis Sheehan.

Defendants.  That same day, Plaintiff emailed a courtesy copy of the Complaint, (Doc. 1), to Timothy Lewis, the Town Attorney for the Town of Greenburgh.  (Doc. 52 at 1; Doc. 56 at 1.)  On November 4, 2016, Plaintiff formally served the Town Defendants with the Complaint.  (Docs. 9-16.)  By letter dated November 30, 2016, Plaintiff notified the Court that the Town Defendants had not filed an answer within 21 days as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).  (Doc. 40.)  Plaintiff requested that the Court order them to serve an answer, not a pre-answer motion to dismiss, no later than January 3, 2017.  (*Id.*)

On December 1, 2016, the Town retained Landman Corsi Ballaine & Ford P.C. ("Landman Corsi"), the firm that had been representing the Town with respect to other matters involving Plaintiff, to represent the Town Defendants in this case.  (Doc. 48 at 2; Doc. 54 at 37:17-23, 39:8-10.)  On December 2, 2016, Plaintiff requested that the Clerk enter defaults against the Town Defendants.  (Doc. 45.)  By letter dated December 2, 2016, the Town Defendants asserted that their failure to timely answer or seek a pre-motion conference was due to excusable neglect stemming from a "miscommunication within the Office of the Town Attorney as to whether the Town would handle the litigation in-house or retain outside counsel to handle this litigation (as it has done in the past with respect to matters involving S&R)," which "resulted in the November 25, 2016 deadline not being calendared within the Office of the Town Attorney." (Doc. 48 at 2.)  The Town appended to that same letter a pre-motion letter stating several grounds for a potential motion to dismiss.  (*Id.* Ex. 1.)  By letter dated December 6, 2016, the Town Defendants opposed Plaintiff's request for entry of default, (Doc. 50), and by letter dated December 7, 2016, Plaintiff requested that the Court deny the Town's request for leave to file a motion to dismiss, (Doc. 51).

During a conference on December 9, 2016, the Town Defendants' counsel reiterated to the Court that the missed deadline was the result of a miscommunication within the Office of the Town Attorney regarding whether the matter would be handled internally or by Landman Corsi. (Doc. 54 at 36:24-37:6.)  Upon questioning by the Court, he explained that a decision had initially been made to keep the case in-house, (*id.* at 37:7-19), and was unable to explain why, if a decision had been made to handle the case internally, no one in the Office of the Town Attorney had filed an answer, (*id.* at 37:24-38:3).  The Court then set a schedule for further submissions.  (*Id.* at 40:16-41:7.)  On December 15, 2016, Plaintiff submitted a letter further outlining its opposition to the Town's request to file a motion to dismiss.  (Doc. 52.)  On December 19, 2016, the Town submitted a letter and an affidavit by Mr. Lewis offering a new explanation for the failure to meet the deadline, (Doc. 53), to which Plaintiff replied on December 21, 2016, (Doc. 56).

## II.     Discussion

Federal Rule of Civil Procedure 6(b)(1)(B) "provides that courts may accept late filings from a party 'on motion made after the time has expired if the party failed to act because of excusable neglect.'"  *Bloom v. Rock*, No. 06-CV-6301, 2010 WL 2267468, at *11 (S.D.N.Y. May 27, 2010) (quoting Fed. R. Civ. P. 6(b)(1)(B)).  Four factors are considered in evaluating excusable neglect:  "'[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"  *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

(1993)).[2]  The Second Circuit has "taken a hard line" in "addressing when neglect is 'excusable,'" *id.* at 368, and has "strictly limited what attorney error [can] be considered excusable neglect," *In re Johns-Manville Corp.*, No. 04-CV-8001, 2006 WL 1676392, at *2 (S.D.N.Y. June 14, 2006) (collecting cases), *aff'd*, 476 F.3d 118 (2d Cir. 2007).  "[A]lthough a late filing will ordinarily not be excused by negligence, that possibility is by no means foreclosed."  *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (internal quotation marks omitted).  At the same time, "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect."  *Id.*

As to the first factor, there is no prejudice to Plaintiff in allowing the Town Defendants to move to dismiss because other Defendants plan to so move and therefore a motion by the Town Defendants would not delay the proceedings.  As to the second factor, the length of the delay here was not significant given that the deadline to answer was November 25, 2016, and the Town Defendants filed their letter requesting leave to move to dismiss on December 2, 2016.  With respect to the fourth factor, there are no facts suggesting intentional or bad faith conduct on counsel's part in failing to timely respond to the Complaint.[3]  This is thus the typical case "in

---

[2] The *Pioneer* standard relied on in *Silivanch* has been applied by courts in the Second Circuit outside of the contexts in which those cases arose – bankruptcy proofs of claim and notices of appeal, respectively.  *See, e.g.*, *Yahoo, Inc. v. Nakchan*, No. 08-CV-4581, 2011 WL 666678, at *1 (S.D.N.Y. Feb. 22, 2011) (applying *Pioneer* to request for extension to file answer after deadline to do so had expired); *Beckles v. The City of N.Y.*, No. 08-CV-3687, 2010 WL 1841714, at *3 (S.D.N.Y. May 10, 2010) (applying *Pioneer* to untimely motion for reconsideration); *Knox v. Palestine Liberation Org.*, 229 F.R.D. 65, 68-69 (S.D.N.Y. 2005) (applying *Pioneer* to untimely objections to a report and recommendation); *Blandford v. Broome Cty. Gov't*, 193 F.R.D. 65, 69 (N.D.N.Y. 2000) (applying *Pioneer* to request for extension to file answer after deadline to do so had expired); *In re Paine Webber Short Term U.S. Gov't Income Fund Sec. Litig.*, No. 94-CV-3820, 1995 WL 498805, at *2 (S.D.N.Y. Aug. 22, 1995) (applying *Pioneer* to Fed. R. Civ. P. 60(b)); *see also United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993) (*Pioneer* "opinion is based on the term 'excusable neglect' and draws upon the use of that term in other federal rules. . . . [N]othing in *Pioneer* limits its interpretation of 'excusable neglect' to the Bankruptcy Rules . . . .") (citation omitted).

[3] As discussed below, the Town Defendants have provided this Court with multiple, conflicting, explanations for their failure to timely respond to the Complaint.  While the Court finds this troubling, it does not show that the original failing was the result of bad faith.

4

which three of the factors usually weigh in favor of the party seeking the extension." *Silivanch*, 333 F.3d at 366.  But "the *Pioneer* factors are not given equal weight," *In re Quebecor World (USA), Inc.*, No. 15-CV-2112, 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015), *appeal dismissed* (2d Cir. Nov. 4, 2015), and courts "focus[] on the third factor:  the reason for the delay, including whether it was within the reasonable control of the movant." *Silivanch*, 333 F.3d at 366 (internal quotation marks omitted); *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004) (reason for delay is most important factor, and "the other three are significant only in close cases").

By letter dated December 2, 2016, (Doc. 48), the Town claimed that the missed deadline was the result of a miscommunication regarding whether the case would be handled internally or by outside counsel.  During the conference on December 9, 2016, counsel indicated that it was not lack of clarity on that issue that caused the problem, although he did not know what had caused the problem.  Now, without explanation, in its more recent submission on this subject, the Town has provided a new reason for why the deadline was ignored.  Town Attorney Lewis states by declaration that he consulted with members of the Town Board during the week of November 7, 2016, that it was decided that the case would be handled by the Town Attorney's Office, and that an attorney was assigned to prepare a motion to dismiss.  (Doc. 53 Ex. 2 ¶¶ 5-6.)  He further alleges that neither he nor his staff calendared the November 25, 2016 deadline to respond to the Complaint "[i]n light of the assignment of the handling of this case (including the motion to dismiss) to the attorney in [his] office and, due to the fact that the Town Defendants had been considering assigning outside counsel . . . ."  (*Id.* ¶ 7.)  During the week of November 21, 2016, the same week that the answer was due, he was informed by the assigned attorney that he or she would be unable to determine the grounds for a motion to dismiss or otherwise prepare a

5

submission to the Court because of his or her "relative inexperience in federal practice and given the extensive factual background, the numerous named Town Defendants, and complexity of the claims involved in Plaintiff's Complaint." (*Id.* ¶ 8.) Mr. Lewis asserts that because neither he nor his staff had calendared the November 25, 2016 deadline, he did not make alternative arrangements to meet it, as he would have done had he been aware of it. (*Id.* ¶¶ 9-10.)

The Town Defendants' explanation for the delay, as evolved over time, does not constitute excusable neglect. Failing to calendar the deadline for filing an answer is the type of law office error that "rarely constitutes an excusable neglect." *Shervington v. Vill. of Piermont*, 732 F. Supp. 2d 423, 425 (S.D.N.Y. 2010). It is unclear to the Court why assigning an attorney to the case and/or contemplating hiring outside counsel resulted in no one calendaring the deadline and Mr. Lewis being unaware of it. Indeed, "each party is responsible for knowing the pertinent procedural rules and principles and for taking such steps as are needed to protect its own interests." *Silivanch*, 333 F.3d at 369 (internal quotation marks omitted). The assigned attorney working on the motion to dismiss should surely have been aware of the deadline, and once the decision was made to keep the case in-house, Mr. Lewis surely knew that a timely response was his office's responsibility.

The Town Defendants appear to place blame on the attorney assigned to handle the case. (Doc. 53 Ex. 2 ¶¶ 6-10). He or she told Mr. Lewis he or she was dropping the ball, and Mr. Lewis – who acknowledges that, "ultimate responsibility for the handling of this matter" lay with him, (*id.* ¶ 6 n.6), – did not arrange for anyone to pick it up in a timely fashion. As Plaintiff notes, it is not clear why the rapidly approaching deadline was not communicated. (*Id.* ¶¶ 5-8; Doc. 56 at 1.) Frankly, it is shocking that in a conversation in which a junior lawyer informed his or her boss that he or she could not complete a task assigned two weeks before, the junior

6

lawyer did not mention the looming deadline and the boss, knowing he or she would have to staff the case, did not ask.  Even if Mr. Lewis did not know the exact date the answer was due, he had discussed the case with the Town Board two weeks earlier and thus had to know that the 21-day deadline was looming.  It would have been a simple matter to calculate the exact date.  Moreover, it appears that Mr. Lewis waited another full week to retain counsel, when he had to have known that the deadline to respond to the Complaint had to be coming up rapidly, if it had not already passed.[4]

Failure to properly supervise staff assigned to handle a filing is not excusable neglect. *See United States v. Hooper*, 43 F.3d 26, 29 (2d Cir. 1994) ("[F]ailure to timely file due to the poorly supervised assistant's ignorance of the deadline set by Rule 4(b) was not 'excusable neglect.'"); *Christiani v. Metro-N. Commuter R. Co.*, No. 92-CV-4494, 1994 WL 74881, at *2 (S.D.N.Y. Mar. 7, 1994) ("Failure to supervise an associate is not excusable neglect.").  The "relative inexperience" of the associate assigned to the case is also not grounds for a finding of excusable neglect.  The Second Circuit has "repeatedly stated that "[c]ounsel's lack of familiarity with federal procedure is not an acceptable excuse." *Silivanch*, 333 F.3d at 369 (quoting *Hooper*, 43 F.3d at 29); *see Weinstock v. Cleary, Gottlieb, Steen & Hamilton*, 16 F.3d 501, 503 (2d Cir. 1994).  Similarly, "[l]ack of communication between counsel is an insufficient basis for excusable neglect." *Thyroff v. Nationwide Mut. Ins. Co.*, No. 00-CV-6481, 2004 WL 1529246, at *2 (W.D.N.Y. July 1, 2004).

---

[4] Mr. Lewis had been served with a courtesy copy of the Complaint on October 14, 2016, (Doc. 52 at 1; Doc. 56 at 1); the Town was formally served on November 4, 2016, (Docs. 9-16); and he discussed staffing the case with the Town Board during the week of November 7, 2016, (Doc. 53 Ex. 2 ¶ 5).  When his subordinate came to him somewhere around November 21-23, 2016, (*see* Doc. 53 Ex. 2 ¶ 8), he could not have thought much time, if any, remained on Federal Rule of Civil Procedure 12's 21-day clock.  Even with the upcoming Thanksgiving holiday, someone in the office could have written the Court requesting an extension of that deadline.

Meeting the deadline was well within the control of the Office of the Town Attorney. The Town Defendants have presented no facts suggesting that outside forces impacted their ability to meet the deadline. *See Beckles*, 2010 WL 1841714, at *3 (untimely filing of motion for reconsideration not excusable neglect where the delay and prejudice from submitting the motion two days after deadline was minimal and counsel acted in good faith, but "the delay was well within counsel's reasonable control"). Further, there was no ambiguity regarding when the answer was due under Federal Rule of Civil Procedure 12. Where, as here, the deadline was "crystal clear," courts are "especially reluctant to find excusable neglect based on attorney oversight." *Doroz v. TECT Utica Corp.*, No. 12-CV-391, 2013 WL 5786641, at *4 (N.D.N.Y. Oct. 28, 2013) (internal quotation marks omitted); *see Silivanch*, 333 F.3d at 366-67 ("[W]here the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.") (internal quotation marks omitted); *Hernandez v. Goord*, No. 01-CV-9585, 2014 WL 4058662, at *9 (S.D.N.Y. Aug. 14, 2014) (calendaring mistake not excusable neglect because "there was no ambiguity in determining the date of the [required action,]" given that rule "sets forth a clear and unmistakable deadline").

For these reasons, the Town Defendants' failure to meet the November 25, 2016 deadline to respond to the Complaint was not the product of excusable neglect. Plaintiff reasonably requests only that the Town Defendants be precluded from filing a motion to dismiss under Federal Rule of Civil Procedure 12(b) and instead be required to answer. The Court concurs that that is an appropriate outcome and orders the Town Defendants to answer by January 18, 2017.

## III. Conclusion

For the reasons stated above, the Town Defendants' request for leave to file a motion to dismiss is DENIED. They are ordered to answer by January 18, 2017. The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 48).

**SO ORDERED.**

Dated: January 4, 2017
       White Plains, New York

                              _____
                              CATHY SEIBEL, U.S.D.J.